IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROOSEVELT THOMAS,

    Plaintiff,

v.                                          CASE NO. 5:10-cv-00142-RS-GRJ

SCOTT DONALD CARLSON,

    Defendant.

_____/

## O R D E R

The Court has reviewed the complaint and finds that it fails to state a claim for relief based on the present facts and claims asserted. (Doc. 1).

Pursuant to the Prison Litigation and Reform Act, the Court shall dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.

Plaintiff is suing a private individual who employed him at one time and also provided housing. The facts forming the basis of Plaintiff's claim  Plaintiff claims that when he did not show up for work for a few days, Defendant Carlson moved Plaintiff's trailer with all his belongings without due process. Plaintiff requests damages of $27,000.00 for "everything I own."

In any 42 U.S.C. §1983 cause of action, the initial inquiry must focus on whether the two essential elements to a section 1983 action are present. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in any action at law . . . [or] suit in equity.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). A person acts under color of state law usually by virtue of his employment with the state or in some other public official capacity. West v. Atkins, 487 U.S. 42, 48-50 (1988).

Plaintiff has failed to allege any facts suggesting that Scott Carlson acted under color of state law when he took Plaintiff's trailer and other belongings. Rather, it appears that Scott Carlson committed the acts alleged in the Complaint as a private individual. If that is the case Plaintiff's Complaint would be dismissed for failing to state a claim under § 1983. However, in light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his complaint to allege whether Scott Carlson was acting under color of state law and if so to allege the particular constitutional violation committed by Defendant.

To amend his complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Amended Complaint." An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.

*Case No: 5:10-cv-00142-RS -GRJ*

Accordingly, it is **ORDERED:**

1.  The **Clerk** is directed to send the Plaintiff a blank civil rights complaint form, which he shall complete in full and file on or before **January 4, 2011.**

2.  Failure to comply with this Order in the allotted time will result in a recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 15th day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge