IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROOSEVELT THOMAS,

    Plaintiff,

v.                                                       CASE NO. 5:10-cv-142-RS-GRJ

HI-IMPACT DESIGNS, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *pro se* First Amended Complaint (Doc. 21.) From a review of the amended complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED** that this case should be **DISMISSED**.

**I. Introduction**

Plaintiff originally filed a complaint on the Court's Civil Rights Complaint Form To Be Used By Prisoners In Actions Under 42 U.S.C. § 1983 against his former boss, Scott Donald Carlson. (Doc. 1.) The Court entered an order granting Plaintiff the opportunity to amend his complaint. (Doc. 18.) The Court further advised Plaintiff that he could not bring suit against Mr. Carlson, a private individual, under 42 U.S.C. § 1983 because there were no allegations in Plaintiff's original complaint that Mr. Carlson had acted pursuant to state authority. (*Id.*)

Plaintiff chose to amend his complaint and again filed his amended complaint on the Court's Complaint Form To Be Used By Prisoners In Actions Under 42 U.S.C. § 1983. (Doc. 21.) In his amended complaint Plaintiff names as defendants his previous

employer, Hi-Impact Designs Custom Foam & Coating and the owner, Mr. Carlson.

As a basis for the claims in his amended complaint Plaintiff asserts that his former employer improperly evicted him from a rental he had been provided at the place of employment and took his personal property because the Plaintiff refused to work during a period of time Plaintiff was on bereavement leave after his father's death.

Plaintiff alleges that from 2005 through 2007 he was employed by Mr. Carlson as a finisher at Hi-Impact Designs Custom Foam & Coating ("Hi-Impact"), a business in Pensacola that is apparently owned by Mr. Carlson. (Doc. 21 at 5-6.)  In February 2006, Mr. Carlson offered Plaintiff the chance to live in a mobile home at the Pensacola job site in exchange for $200 in monthly rent.  Plaintiff and Defendant Carlson entered into an oral lease agreement for the mobile home and the arrangement functioned smoothly for over a year.  In the fall 2007, however, Plaintiff's father died and Mr. Carlson granted Plaintiff as much time as Plaintiff needed in bereavement leave.

The trouble between Plaintiff and the employer s began in October 2007 while Plaintiff was still on bereavement leave.  Plaintiff went by the Hi-Impact offices to pick up his paycheck and Defendant Carlson refused to give him his paycheck, reportedly telling Plaintiff that Plaintiff needed to return to work.  Plaintiff informed Carlson that he was still grieving after his father's death and that he would remain on bereavement leave until he was sufficiently recovered to go back to work.  Three days after Plaintiff was refused his paycheck, however, he visited the job site and discovered that the mobile home in which he had been living — as well as all his personal property inside the home — had mysteriously disappeared.  Upon discovering that the mobile home

was missing Plaintiff called Defendant Carlson to inquire as to where the mobile home and his belongings had gone.  Defendant Carlson told Plaintiff that he had taken the mobile home and Plaintiff's personal property in retaliation for Plaintiff's refusal to work while on bereavement leave.  Defendant Carlson then called Plaintiff's probation officer and the Escambia County Sheriff's Office to inform each that Plaintiff had moved in further retaliation against Plaintiff.  Plaintiff seeks to bring claims against the Defendants for involuntary servitude, libel, slander and a host of other common lasw causes of action.

## II.  Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*.  Boyington v. Geo Group, Inc.,  2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious."  Dycus v. Astrue,  2009 WL 47497, at *1 (S.D. Ala.2009).  An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke

v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1983 and dismissing the claim pursuant to 28 U.S.C. §1915A). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing the dismissal of a

complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

### III. Discussion

The claims In Plaintiff's amended complaint are brought pursuant to 42 U.S.C. § 1983 and Florida state law.   To the extent that Plaintiff attempts to bring claims under § 1983 the claims are due to be dismissed because the Defendants are not state actors. To the extent that Plaintiff is also attempting to bring claims under state law, the Court does not have subject matter jurisdiction to entertain these claims because there is no diversity of jurisdiction

#### A.    Claims Under Section 1983

A successful section 1983 action requires a plaintiff to show that he was deprived of a federal right by a person acting "under color of state law."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to

constitute acting under color of state law for purposes of the statute. <u>Adickes v. Kress & Co.</u>, 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982).

To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. <u>Rayburn, ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff's amended complaint is completely devoid of any allegations demonstrating that the Defendants acted pursuant to state authority or that either Defendant is a "state actor" or acted under "color of state law. Rather, it is evident that the Defendants at all times were private individuals and thus not engaged in state action.

Moreover, the alleged wrongful conduct alleged against the Defendants at best alleges a violation of state law and not a constitutional violation. The refusal to pay Plaintiff or the alleged theft of Plaintiff's personal property simply do not give rise to a constitutional violation. While the conduct may support a claim under state law, the Plaintiff may not pursue his claims in federal court in a § 1983 action.

### B. State Law Claims

To the extent Plaintiff is attempting to bring claims in his amended complaint for

libel, slander, and other state law causes of action the Court does not have subject matter jurisdiction to adjudicate these claims.

Plaintiff alleges that Hi-Impact Designs and its owner, Scott Carlson, are located in Pensacola, Florida. The Plaintiff is currently an inmate housed at the Graceville Facility in Graceville, Florida.  Section 1332(a) requires complete diversity of citizenship between the parties in order for a federal court to have diversity jurisdiction over an action.  See, e.g., Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994)("Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant.").  Because the Plaintiff and both Defendants are citizens of Florida the Court does not have diversity jurisdiction over the state law claims and, accordingly, the amended complaint also is due to be dismissed on these grounds.

## IV.  Recommendation

Accordingly, for these reasons, it is respectfully **RECOMMENDED** that this cause should be **DISMISSED** for failure to state a claim for relief and for lack of subject matter jurisdiction.

At Gainesville, Florida, this 16th day of June, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**